# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| *In re* Michael Holland Sr., as owner of the Unnamed 1999 Sea Strike (HIN # VXP20201G899), for Exoneration from or Limitation of Liability. | ) ) ) ) ) ) ) CIVIL ACTION NO. 14-0398-CG-B |

## ORDER

This admiralty matter is before the court on the verified petition of Michael Holland Sr. ("Petitioner") for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501 – 512, the Exoneration and Limitation of Liability Act ("the Act"), and Federal Rules of Civil Procedure, Supplemental Rule F, governing Limitation of Liability actions. (Doc. 1). The matter is also before the court upon Petitioner's motion for issuance of a limitation injunction, monition, and order approving security. (Doc. 2). For reasons stated below, Petitioner is not exonerated from liability, but the motion for issuance of a limitation injunction, monition, and order approving security (Doc. 2) is due to be granted, as explained below.

## BACKGROUND

Petitioner alleges he is the owner of an unnamed 1999 Sea Strike vessel, HIN # VXP20201G899, involved in an accident on March 10, 2014. (Doc. 1, p. 1). On that day, Petitioner alleges Michael Holland Jr. took "evasive maneuvers to avoid an allision with a barge." (Doc. 1, p. 3). Those maneuvers resulted in bodily injury to one or more passengers on board, and damaged the vessel. (Doc. 1, p. 3).

The damages to the vessel caused its value to fall from $25,000 to $15,000. (Doc. 1, Exh. 1, p. 2). Petitioner further alleges the "potential claims of the injured passenger(s)" "are expected to exceed the post-loss value of the vessel." (Doc. 1, p. 3). Petitioner claims Michael Holland Jr. had the proper licensure and qualifications to operate the vessel, and the accident occurred without the privity or knowledge of Petitioner. (Doc. 1, pp. 3 – 4). Petitioner attached to his petition an affidavit of value, in which he avers the post-loss value of the vessel is no more than $15,000. (Doc. 1, Exh. 1, p. 2). He further attests he will deposit this amount plus six percent interest as security for any claims as required by maritime law. (Doc. 1, p. 5).

With this background, Petitioner seeks exoneration from or limitation of his liability pursuant to the Act and Supplemental Rule F. In his motion, Petitioner asks this Court to 1) approve the amount identified in the Ad Interim Stipulation for Value as security against any potential claims (Doc. 2, p. 5), 2) enjoin the prosecution of any action or proceeding against him as owner of the vessel with respect to the incident in question (Doc. 2, p. 5), and 3) set a monition period during which all claimants must file their claims in this Court. (Doc. 2, p. 5; Doc. 2, Exh. 1, p. 1).

## DISCUSSION

The Limitation of Liability Act, enacted in 1851, entitles shipowners to limit their liability for damage or injury arising from a maritime accident, occasioned without the owner's privity or knowledge, to the value of the vessel or

the owner's interest in the vessel. 46 U.S.C. § 30505; Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1036 (11th Cir. 1996). Owners of pleasure vessels are also entitled to limitation of liability; however, pleasure craft are excluded from certain parts of the Act. Kays Jet Ski, Inc. v. Kays, 893 F.2d 1225, 1228 – 29 (11th Cir. 1990); 46 U.S.C. § 30506. The limitation granted by the Act applies to cases of personal injury and death as well as to cases of injury to property. Just v. Chambers, 312 U.S. 383, 386 (1941). It also extends to tort claims even when the tort is non-maritime. Richardson v. Harmon, 222 U.S. 96, 105 (1911).

The Act and Supplemental Rule F set forth the procedure for limitation actions. Under Supplemental Rule F, a complaint must allege "the facts on the basis of which the right to limit liability is asserted." Fed. R. Civ. P. Supp. R. F(2). When the owner brings such a suit and posts security in accordance with section 30511(b), the district court is authorized to stay all proceedings against the owner and direct all potential claimants to file their claims against the shipowner in the district court within a specified period of time. Fed. R. Civ. P. Supp. R. F(4). The court may also enjoin the further prosecution of any actions against plaintiff or his property with respect to any claim pending determination of the petition for exoneration or limitation of liability. 46 U.S.C. § 30511(c); Fed. R. Civ. P. Supp. R. F(3).

Generally, a shipowner must file the limitation action within six months of receiving written notice of a claim. 46 U.S.C. § 30511(a); Fed. R. Civ. P. Supp. R. F(1); Exxon Shipping Co. v. Cailletau, 869 F.2d 843, 846 (5th Cir. 1989) (six-

month prescription on the limitation of liability petition requires the shipowner to act promptly to gain the benefit of the statutory right to limit liability). If there are no claims pending against the shipowner, then the shipowner may file their limitation complaint in any district where the vessel is physically present. Fed. R. Civ. P. Supp. R. F(9); see also Matter of Bowoon Sangsa Co., Ltd., 720 F.2d 595, 598 (9th Cir. 1983) (discussing limitation procedure and venue). In this manner, limitation may be invoked either as a defense to an action seeking damages, or as an independent complaint in admiralty. See, e.g., Vatican Shrimp Co., Inc. v. Solis, 820 F.2d 674, 678 (5th Cir. 1987) (discussing how owners may either plead substantive provisions of the Act in any court, or file a petition in federal district court).

In a typical limitation proceeding, the admiralty court determines whether the vessel owner is entitled to limited liability by undertaking a two-step analysis: "First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." Beiswenger Enterprises Corp., 86 F.3d at 1036 (citations and quotations omitted). The damage claimants bear the initial burden of establishing liability, and the shipowner bears the burden of establishing the lack of privity or knowledge. If limited liability is granted, the admiralty court later oversees distributing the limitation fund among the damage claimants. Suzuki of Orange Park, Inc. v. Shubert, 86 F.3d 1060, 1062-63 (11th Cir. 1996).

In this case, Petitioner does not identify any specific claims brought against him or the vessel itself. (Doc. 1, pp. 3, 6). Petitioner nevertheless filed his petition within six months of the accident. (Doc. 1, p. 1). The petition is timely filed, and venue is proper in this district pursuant to Supplemental Rule F(9). (Doc. 1, p. 6).

As owner of the vessel, Petitioner properly petitioned the Court for exoneration or limitation. See, e.g., Compl. of Sheen, 709 F. Supp. 1123, 1128 – 29, (S.D. Fla. 1989) (collecting cases where both exoneration and limitation are sought). Because there are no claimants at this time, Petitioner's liability is neither established nor absolved. Petitioner is thus not exonerated from liability through this order. In re Am. Com. Lines, L.L.C., 158 F. Supp. 2d 1312, 1317 (S.D. Ala. 2001) (shipowner is not entitled to exoneration as a matter of right).

Even though Petitioner is not entitled to exoneration, he may still be allowed to limit his liability. Petitioner complied with the filing requirements of Supplemental Rule F. Therefore, pursuant to Supplemental Rule F(4), the court must "issue a notice to all persons asserting claims with respect to which the complaint seeks limitation," and "admonish them to file their respective claims with the clerk of the court" within a specified period of time. Thereafter, the district court determines "whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed." Compl. of Great Lakes Dredge & Dock Co., 162 F.R.D. 160, 162 (M.D. Fla. 1995) (citation and

5

quotation omitted).

Petitioner's Ad Interim Stipulation for Value is an accepted means of providing temporary security for the potential claimants in a limitation action. Fed. R. Civ. P. Supp. R. F(7); Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co., 273 U.S. 207, 219 – 20 (1927) (examining how "the stipulation stands as security for any claim which may be filed against [the vessel] up to the amount of the stipulation"). It is therefore **ORDERED** that Petitioner deposit with this Court for the benefit of potential claimants $15,000 with six percent interest as security for the value of the unnamed 1999 Sea Strike vessel (Doc. 1, Exh. 1) on or before October 29, 2014. Any claimant may later demand an appraisal or increase in these funds in accordance with Supplemental Rule F(7).

Petitioner's request for monition is hereby **GRANTED.** It is therefore **ORDERED** that, after the above sum is deposited with the Court for benefit of claimants, a Monition issue out of and under the seal of this Court citing all persons asserting claims with respect to which the Complaint seeks exoneration or limitation and admonishing them to file their claim with the Clerk of this Court on or before December 12, 2014, or be defaulted; and it is further

**ORDERED**, that the beginning or prosecution of any and all suits, actions or proceedings of any nature or description whatsoever against Plaintiff herein and/or against the unnamed vessel 1999 Sea Strike (HIN # VXP20201G899). except in the present proceedings, in respect of any claim arising out of, occasioned by, consequent upon or connected with the incident occurring on

March 10, 2014, as described in the Complaint herein be and hereby are stayed and restrained until the hearing and determination of this proceeding; and it is further

**ORDERED** that Notice of the Complaint for Exoneration from or Limitation of Liability and the Monition pursuant thereto be given as provided by Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, by publication of a notice in a newspaper of general circulation in Mobile County, Alabama, once a week for four consecutive weeks, beginning no later than November 5, 2014, and that Petitioner mail, not later than the day of second publication, a copy of said notice, the Monition, the verified petition (Doc. 1), and this Order to every person known with potential claims against the vessel or the Petitioner in accordance with Supplemental Rule F(4).

**DONE and ORDERED** this 23rd day of October, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE